NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30013 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-06014-SMJ |
| v. | |
| ABDIRAHMAN AHMED HASSAN, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., Presiding

Submitted July 8, 2021[**]
Seattle, Washington

Before:  HAWKINS and IKUTA, Circuit Judges, and CALDWELL,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Abdirahman Ahmed Hassan appeals from the district court's judgment sentencing him to a prison term of eight months after a jury found him guilty of multiple charges in connection with a scheme to fraudulently obtain benefits from the federal government's Supplemental Nutrition Assistance Program ("SNAP").

The goal of SNAP is to help provide nutritional food to low-income families. Families who receive SNAP benefits receive a specific amount of financial assistance each month, which is to be used to purchase eligible food items. SNAP benefits cannot be used for any other purchases, and they cannot be redeemed for cash. SNAP recipients receive the benefits in the form of a credit on an electronic benefit transfer ("EBT") card. Only certain grocery retailers are authorized to accept the SNAP EBT cards as payment for eligible food items. To become an authorized retailer, the store owner must complete an application form, by which he or she promises to prevent violations of SNAP rules.

During the relevant time period, Hassan owned and operated East Africa Grocery Shop ("EAG"), which became an authorized SNAP retailer in July 2010. The indictment in this action charged Hassan with allowing SNAP recipients to use their benefits to buy ineligible food items, obtain cash, and make payments on their store credit accounts in violation of SNAP rules. A jury found him guilty of 18 counts of wire fraud in violation of 18 U.S.C. § 1343, one count of illegally obtaining

SNAP benefits in violation of 7 U.S.C. § 2024(b), and one count of stealing government property in violation of 18 U.S.C. § 641.

Hassan raises only one issue on appeal. He argues that the district court erred in permitting a government expert witness to testify that EAG's monthly average transaction amount involving SNAP benefits and its monthly dollar volume from SNAP transactions were multiple times higher than the average monthly transaction amount and dollar volume of other small groceries in the state authorized to receive SNAP benefits.

This Court reviews the district court's decision to admit expert testimony for an abuse of discretion. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 1135 (2020). "A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997).

Hassan does not dispute the accuracy of the expert's calculations. Instead, he argues that the expert's calculations did not indicate fraudulent activity because the expert failed to consider factors that would distinguish EAG from the other small grocery stores in the comparison group, such as the kinds of products EAG sold and the income of its clientele. The expert did not purport to opine, however, as to the reason that EAG's SNAP EBT transaction amount and dollar volume were higher

3

than other small grocery stores. He testified only as to the calculations. Hassan was free to point out to the jury factors that distinguish EAG from the other small grocery stores, and the jury could consider those factors in assessing the weight of the expert's testimony. But the expert's failure to consider those factors does not render his testimony as to the calculations inadmissible, and the district court did not abuse its discretion in permitting the expert to testify.

**AFFIRMED.**